IN THE UNITED STATES DISTRICT COURT
WESTERN DISTIRCT OF MISSOURI

| | | |
|---|---|---|
| VERNON BLEDSOE and, | ) | |
| BOUNME BLEDSOE | ) | |
| | ) | Case No. 4:15-cv-01015-ODS |
| Plaintiffs, | ) | |
| | ) | |
| vs | ) | |
| | ) | |
| PROFESSIONAL FINANCE | ) | |
| COMPANY, INC. | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## AMENDED COMPLAINT

Plaintiffs, Vernon Bledsoe and Bounme Bledsoe, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA and allege:

## JURISDICTION AND VENUE

1. This court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in this Court because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

2. Plaintiffs Vernon Bledsoe and Bounme Bledsoe ("Plaintiffs") are individuals who reside in Clay County, Missouri from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for several defaulted Atmos Energy consumer utility accounts. Plaintiffs are thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

3. Defendant, Professional Finance Company, Inc., ("Professional"), is a Colorado Corporation that does or transacts business in Missouri. Its registered agent and office are C T Corporation System, 120 South Central Ave., Clayton, MO 63105. (Exhibit A, Record from the Missouri Secretary of State).

4. Professional is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

5. Defendant Professional is a "debt collector" as that term is defined in 15 U.S.C § 1692a(6) of the FDCPA.

## FACTS

6. Plaintiffs incurred a debt for goods and services used for personal purposes, originally for several defaulted Atmos Energy ("Atmos") consumer utility accounts ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

7. The debts owed by Plaintiffs went into default.

8. After the debts went into default the debts were placed or otherwise transferred to Defendant for collection.

9. Plaintiffs dispute the debts.

10. Plaintiffs request that the Defendant cease all further communication on the debts.

11. On March 27, 2015, Professional mailed a collection letter ("Letter") addressed to Plaintiff Bounme Bledsoe. (Exhibit B, Collection Letter).

12. The Letter conveyed various information regarding the alleged debt directly to Plaintiff, including the amount owed, the current creditor, and an account number.

13. Thus, the Letter was a communication as that term is defined at § 1692a(2) of the FDCPA.

14. The Letter communicated a balance of $62.06 at the top of the page.

15. On the back of the collection letter it stated "As of the date of this letter, you owe the amount indicated under the amount due on the front side of this notice. Because of interest, late charges, and other charges that may vary from day to day the amount due on the day you pay the balance may be greater."  See Exhibit B.

16. The original creditor, Atmos Energy, does not apply interest to the debts owed to it.

17. The original creditor, Atmos Energy, does not apply other charges or collection charges to the debts owed to it.

18. The original creditor, Atmos Energy, does not apply late charges to the debts owed to it.

19. Professional had no statutory or contractual authority to collect interest, late charges, or other charges from Plaintiffs.

20. Because there is no possibility that the original creditor, Atmos Energy, will apply interest, late charges, and collection fees, and Professional had no statutory or contractual authority to add other charges, the amount due will not vary from day to day. Thus, Professional was materially misrepresenting the character of the debt.  Specifically,

Professional was materially misrepresenting that the debt was subject to interest, late charges, and other charges.

21. Professional's statements in the Letter are materially deceptive and misleading in that, *inter alia,* they falsely suggest to Plaintiffs that the amount of their respective debts will increase daily due to an "interest, late charges and other charges" that "may vary from day to day", even though the account balance will not and cannot, increase.

22. Further, Professional's statements in the Letter are materially deceptive and misleading in that, *inter alia,* they state the Plaintiff may owe an additional undisclosed sum of money after payment is tendered to Defendant.

23. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
> **(A) The character, amount, or legal status of any debt. . . .**

24. In the Letters, Professional stated the balance may vary. However, Atmos Energy would not be adding interest. Late charges or other fees.

25. Further, Professional had no statutory or contractual authority to collect interest, late charges, or other charges from Plaintiffs.

26. Therefore, Professional made a false threat hoping to induce payment from Plaintiffs before the debt increased.

27. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

28. The Letter also fails to state the amount of the debt within the meaning of 15 U.S.C. § 1692g(a)(1) by failing to state the amount of the debt which is due and owing and by implying that payment sooner rather than later will be more economic.

29. On October 5, 2015, Bounme Bledsoe obtained and reviewed a copy of her Experian credit report.

30. As of October 5, 2015, Professional was continuing to report Bounme Bledsoe's account with a balance of $62.

31. Professional used false or misleading representation when it threatened to collect interest, late fees, and other fees, which it had no legal authority to collect in violation of § 1692e(5).

32. Professional never intended to charge interest, late fees, or other charges on the account, which is why it did not include those charges on the front of the collection letter or on the Experian credit report six months after the March 27, 2015 collection letter.

33. The March 27, 2015 Letter caused Plaintiff uncertainty and forced her to guess how much money she allegedly owed, how much money would accrue daily on her alleged debt, how much additional money she would owe if she paid the amount

demanded in the March 27, 2015 Letter and if/when Professional's collection efforts would actually stop if she remitted the entire payment demanded.

34. The March 27, 2015 Letter would cause the least sophisticated consumer uncertainty and forced her to guess how much money she allegedly owed, how much money would accrue on her alleged debt, how much additional money she would owe if the amount demanded in the March 27, 2015 Letter was paid and when/if Professional's collection efforts would actually stop if she remitted the entire payment demanded.

35. On May 22, 2015, Professional mailed a collection letter ("Letter") addressed to Plaintiff Vernon Bledsoe. (Exhibit C, Collection Letter).

36. The Letter conveyed various information regarding the alleged debt directly to Plaintiff, including the amount owed, the current creditor, and an account number.

37. Thus, the Letter was a communication as that term is defined at § 1692a(2) of the FDCPA.

38. The Letter communicated a balance of $73.57 at the top of the page.

39. The back of the Letter stated, "As of the date of this letter, you owe the amount indicated under the amount due on the front side of this notice. Because of interest, late charges, and other charges that may vary from day to day the amount due on the day you pay the balance may be greater." See Exhibit C.

40. The original creditor, Atmos Energy, does not apply interest to the debts owed to it.

41. The original creditor, Atmos Energy, does not apply other charges or collection charges to the debts owed to it.

42. The original creditor, Atmos Energy, does not apply late charges to the debts owed to it.

43. On information and belief, Professional is not permitted to add any "late charges" to the amount of the alleged debt it seeks to collect from Plaintiffs.

44. On information and belief, Professional is not permitted to add any "other charges" to the amount of the alleged debt it seeks to collect from Plaintiffs.

45. Because there is no possibility that the original creditor, Atmos Energy, will apply interest, late charges, and collection fees, the amount due will not vary from day to day. Thus, Professional was materially misrepresenting the character of the debt. Specifically, Professional was materially misrepresenting that the debt was subject to interest, late charges, and other charges.

46. Professional's statements in the Letter are materially deceptive and misleading in that, *inter alia,* they falsely suggest to Plaintiffs that the amount of their respective debts will increase daily due to an undisclosed amount of "interest, late charges and other charges" that "may vary from day to day."

47. Professional's statements in the Letter are materially deceptive and misleading in that, *inter alia,* they state the Plaintiff may owe an additional undisclosed sum of money after payment is tendered to Defendant.

48. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**

> **(A) The character, amount, or legal status of any debt. . . .**

49. Professional made false and misleading threats to Plaintiffs regarding the amount of the alleged debt when it communicated to Plaintiffs a balance owed which included unlawful interest, fees, or late charges in violation of § 1692e(2)(A).

50. Professional had no statutory or contractual authority to collect interest, late charges, or other charges from Plaintiffs.

51. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

52. The Letter also fails to state the amount of the debt within the meaning of 15 U.S.C. § 1692g(a)(1) by failing to state the amount of the debt which is due and owing and by implying that payment sooner rather than later will be more economic.

53. In fact, Professional knew it had no right to collect interest, late fees, or other charges on the debt, which is why on the front of the collection letter it states that Plaintiff owes zero in interest and zero in other fees.

54. Upon information and belief, when Professional attempts to collect a debt originally owed to Atmos Energy, the amount never varies from the date of issuance and Professional never attempts to contact consumers or makes adjustments after it receives payment from a consumer sent in response to an initial letter.

55. On October 5, 2015, Vernon Bledsoe obtained and reviewed a copy of his Experian credit report. (Exhibit D, Excerpt from Credit Report).

56. As of October 5, 2015, Professional was continuing to report Vernon Bledsoe's account with a balance of $73.

57. The Experian credit reported dated October 5, 2015 indicates that it was last reported, or updated in September 2015.

58. Professional used false or misleading representation when it threatened to collect interest, late fees, and other fees, which it had no legal authority to collect in violation of § 1692e(5).

59. Professional never intended to charge interest, late fees, or other charges on the account, which is why it did not include those charges on the front of the collection letter or on the Experian credit report four months after the May 22, 2015 collection letter.

60. The May 22, 2015 Letter would cause the least sophisticated consumer uncertainty and forced him to guess how much money he allegedly owed, how much money would accrue on his alleged debt, how much additional money he would owe if the amount demanded in the May 22, 2015 Letter was paid and when/if Professional's collection efforts would actually stop if he remitted the entire payment demanded.

61. Professional intended that its materially false statements to Plaintiffs in the March 27, 2015 Letter and the May 22, 2015 Letter cause Plaintiffs confusion about the exact amount of money alleged owed.

62. Professional intended that its materially false statements contained in the March 27, 2015 Letter and the May 22, 2015 Letter cause Plaintiffs to incorrectly believe

that they would benefit financially by immediately sending payment for the amount demanded in Professional's Letters rather than waiting to make such payment.

63. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000).

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

64. Plaintiffs re-allege the above as if set forth fully in this count.

65. Professional violated 15 U.S.C. § 1692e by materially misrepresenting that interest, late fees, and other fees would continue to accrue when in fact no interest, late fees, and other fees had ever accrued.

66. Professional violated 15 U.S.C. § 1692g(a)(1) by failing to state the amount of the debt.

67. Professional's acts and omissions constitute a violation of the FDCPA pursuant to 15 U.S.C. § 1692d by materially misrepresenting that interest, late fees, and other fees would continue to accrue when in fact no interest had ever accrued.

68. Professional's acts and omissions intended to harass the Plaintiffs in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by misrepresenting that interest, late fees, and other fees would continue to accrue when in fact no interest, late fees, or other fees had ever accrued.

69. Professional's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

70. Professional's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

71. Professional's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

72. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to an award of statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in their favor and against Defendant Professional Finance Company Inc. for:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,

by: /s/ Ryan M. Callahan
Attorney for Plaintiffs

Ryan M. Callahan
**Callahan Law Firm, LLC**
221 E. Gregory Blvd., Suite A
Kansas City, MO 64114-1138
Ph: 816-822-4041
ryan@callahanlawkc.com
MO Bar 62666