IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VERNON BLEDSOE, and<br>BOUNME BLEDSOE,<br><br>          Plaintiffs,<br><br>vs.<br><br>PROFESSIONAL FINANCE<br>COMPANY, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 15-1015-CV-W-ODS<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER AND OPINION (1) DENYING AS MOOT DEFENDANT'S FIRST MOTION TO DISMISS AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO DISMISS

Pending are two motions to dismiss filed by Defendant Professional Finance Company, Inc. ("PFC"). Doc. #6, Doc. #14. For the following reasons, Defendant's first motion to dismiss (Doc. #6) is denied as moot, and Defendant's second motion to dismiss (Doc. #13) is granted in part and denied in part.

### I.    BACKGROUND

This matter arises out of debt-collection letters sent from PFC to Plaintiffs. Plaintiffs filed a lawsuit in the Associate Circuit Court of Clay County, Missouri, against PFC alleging the letters violated the Fair Debt Collection Practices Act ("FDCPA"). Doc. #1-1. PFC removed the matter to this Court and moved to dismiss Plaintiffs' Petition. Doc. #6. Plaintiffs immediately filed their Amended Complaint. Doc. #9. PFC then filed a second motion to dismiss, arguing Plaintiffs failed to state a plausible claim upon which relief can be granted. Doc. #13.

### II.    STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P.

8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *See Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

Several principles guide the Court in determining whether the Amended Complaint meets this standard. First, the Court must accept the factual allegations as true, but the Court should not accord any credence to legal conclusions or "formulaic" recitations of the elements for the cause of action. Second, while the factual averments are to be read in the plaintiff's favor, the Court must be wary of vague or indeterminate facts that require additional factual enhancement. "Finally, the complaint should be

2

read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Id*.

### III. DISCUSSION

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The FDCPA is a remedial strict liability statute which was intended to be applied in a liberal manner." *Picht v. Hawks,* 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999), *aff'd,* 236 F.3d 446 (8th Cir. 2001).

The FDCPA makes it unlawful for debt collectors to use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Freyermuth v. Credit Bureau Servs., Inc.,* 248 F.3d 767, 770 (8th Cir. 2001) (citing 15 U.S.C. § 1692e). The FDCPA requires that any dunning letter sent by a debt collector state "the amount of the debt" the debt collector is trying to collect. 15 U.S.C. § 1692g(a)(1). However, a debt collector violates the FDCPA "even if it includes an accurate validation notice in a dunning letter, if the notice is 'overshadowed' or contradicted by other language in the letter." *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1064 (D. Minn. 2008) (citing 15 U.S.C. § 1692g(b) and *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008)). When evaluating debt collection letters, the Court must do so from the vantage point of the "unsophisticated consumer." *Freyermuth*, 248 F.3d at 771.

Plaintiffs allege that PFC, a debt collector, mailed collection letters to them that violated 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g. Doc. #9, ¶¶ 11-15, 41-54. On the back of these letters, Plaintiffs were informed that, as of the date of the letter, the amount owed was listed on the front side of the notice. *Id.*, ¶ 16. But on the back side of the letters, the following statement was made:

> As of the date of this letter, you owe the amount indicated under the amount due on the front side of this notice. Because of interest, late charges, and other charges that may vary from day to day the amount due

3

> on the day you pay the balance may be greater. If you would like current accurate information concerning your balance please call 1-855-267-7451.

*Id.*; *see also* Doc. #9-1, at 5, 8.

According to Plaintiffs' Amended Complaint, the original creditor, Atmos Energy, does not apply interest, late charges, or other charges to debts owed. *Id.*, ¶¶ 17-19. Plaintiffs allege PFC had no statutory or contractual authority to collect interest, late charges, or other charges from Plaintiff. *Id.*, ¶ 20. Plaintiffs allege that because the original creditor did not apply interest or other charges and because PFC had no authority to add interest or other charges, the amount due would <u>not</u> vary from day to day. *Id.*, ¶ 21. "Thus, [PFC] was materially misrepresenting the character of the debt." *Id.* Plaintiff also contends PFC's statements "falsely suggest to Plaintiffs that the amount of their respective debts will increase daily due to 'interest, late charges and other charges' that 'may vary from day to day,' even though the account balance will not and cannot increase." *Id.*, ¶ 22. And Plaintiffs allege that PFC's statements are "materially deceptive and misleading" and were made as "false threats…in an attempt to intimidate them…." *Id.*, ¶¶ 23, 25.

PFC argues the statement about the possible accrual of interest and charges in their letters does not violate the FDCPA because it includes "safe harbor" language articulated and approved by the Seventh Circuit Court of Appeals. *See e.g., Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948-49 (7th Cir. 2004); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000). According to the Seventh Circuit, inclusion of this "safe harbor" language complies with the FDCPA and does not violate the "amount of debt" provision of the FDCPA. *Miller*, 214 F.3d at 876.[1]

However, this Court is not bound by the Seventh Circuit, and neither party cites to an Eighth Circuit case on point. Other Judges within this Court have denied similar motions to dismiss. "For Plaintiff's claims to survive a motion to dismiss, it must be plausible that an unsophisticated consumer would believe that by sending the letter,

---

[1] It must also be noted that the Seventh Circuit cases cited by PFC were not decided on motions to dismiss for failure to state a claim. They were decided on motions for summary judgment. *Taylor v. Cavalry Inv., LLC*, 365 F.3d 572 (7th Cir. 2004); *Chuway*, 362 F.3d 944; *Miller*, 214 F.3d 872.

4

Defendant was attempting to collect fees or interest that it could not collect." *Alexander v. AllianceOne Receivables Mgmt., Inc.*, Case No. 14-880-CV-W-SRB, Doc. #35, at p. 7 (W.D. Mo. Mar. 25, 2015) (denying the defendant's motion to dismiss because the Court could not say that the plaintiff would be unable to show that an unsophisticated consumer would find the defendant's debt-collection letter misleading as alleged by the plaintiff); *see also Nugent v. AllianceOne Receivables Mgmt., Inc.*, case No. 15-271-DW, Doc. #31, at 4 (W.D. Mo. Nov. 16, 2015) (denying the defendant's motion to dismiss).

Based upon Plaintiffs' allegations, the Court finds that Plaintiffs have alleged facially plausible claims that PFC violated 15 U.S.C. §§ 1692e, 1692f, and 1692g. Therefore, PFC's motion to dismiss Plaintiffs' claims under those sections of the FDCPA is denied.

Plaintiffs, however, have not alleged facially plausible claims that PFC violated 15 U.S.C. §§ 1692d. This section lists several types of conduct that violate the FDCPA, but Plaintiffs have neither alleged any conduct by PFC that would fall within the violations listed therein nor set forth a plausible argument as to other conduct that may be covered by this section. Thus, PFC's motion to dismiss Plaintiff's claim under 15 U.S.C. §§ 1692d is granted.

In the alternative, PFC argues that Plaintiffs failed to state a plausible claim that PFC was prohibited from accruing <u>statutory</u> interest because PFC was permitted, as a debt collector, to accrue interest at or below the statutory rate. Doc. #14, at 8. PFC does not contend that Plaintiffs failed to state a plausible claim that PFC was prohibited from accruing <u>contractual</u> interest. Regardless, Plaintiffs' Amended Complaint alleged PFC had "no statutory or contractual authority to collect interest, late charges, or other charges from Plaintiffs," and according to Plaintiffs, PFC was misrepresenting the character of the debt. Doc. #9, ¶¶ 20-23. Further, PFC's statement on the back of these letters did not differentiate between the types of interest that may be charged. Doc. #9-1, at 5, 8. Plaintiffs' Amended Complaint, which must be accepted as true at this stage, states a claim to relief that is plausible on its face.

## IV. CONCLUSION

PFC's first motion to dismiss (Doc. #6) is denied as moot. PFC's second motion to dismiss (Doc. #13) is granted in part and denied in part.

IT IS SO ORDERED.

DATE: March 30, 2016

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT